UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:06-CR-00183-BR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOHN CLYDE BRITT JR. | ) | |
| | ) | |

This matter is before the court on defendant's *pro se* motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), to stay, and for appointment of counsel. (DE ## 92, 93, 95, 98, 102.) Section 3582(c)(2) permits "[a] district court . . . to reduce a previously imposed term of imprisonment 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]'" United States v. Brown, 653 F.3d 337, 339 (4th Cir. 2011) (quoting 18 U.S.C. § 3582(c)(2)).

By way of background, in 2006 and pursuant to a plea agreement, defendant pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In 2008, the court sentenced defendant to 188 months imprisonment. Defendant appealed, and the Fourth Circuit Court of Appeals vacated defendant's sentence and remanded the case for resentencing. (DE # 73.)

In June 2009, at resentencing, the court found it appropriate to cross reference the drug offense base level in U.S.S.G. § 2D1.1. (Revised PSR ¶ 45; see also 6/1/09 Tr., DE # 86, at 3 (adopting guideline application in PSR).) Because defendant distributed different controlled

substances, including cocaine base ("crack"), in connection with his possession of the firearm, those substances were converted to their marijuana equivalency pursuant to U.S.S.G. § 2D1.1, App. N.10(B) (Supp. May 2008), and defendant was deemed accountable for 1,118 kilograms marijuana, (Revised PSR ¶ 9). That amount of marijuana translated to an offense level of 32, U.S.S.G. § 2D1.1(c)(4) (Supp. May 2008), and with the addition of 2 levels for defendant's possession of a dangerous weapon, id. § 2D1.1(b)(1), defendant's base offense level was 34. (Revised PSR ¶ 45.) With a reduction for acceptance of responsibility, defendant's total offense level was 31. The statutory maximum term of imprisonment for a violation of 18 U.S.C. § 922(g)(1) is 10 years. 18 U.S.C. § 924(a)(2). Accordingly, with a criminal history category of IV, (Revised PSR ¶ 21), defendant's guideline "range" of imprisonment was the statutory maximum term of imprisonment, i.e., 120 months. U.S.S.G. Ch. 5, Pt. A (sentencing table with imprisonment range of 151-188 months, without regard to the statutory maximum), § 5G1.1(a) (2007) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."). (See also Revised PSR ¶ 56.) The court sentenced defendant to 120 months imprisonment. Defendant appealed, but, on the government's motion, the Fourth Circuit Court of Appeals dismissed the appeal. (DE # 88.)

With the instant motions for a sentence reduction, defendant apparently seeks relief based on Amendments 750 and 759 to the sentencing guidelines. Amendment 750 lowered offense levels for offenses involving crack, with Amendment 759 making Amendment 750 retroactive. See U.S.S.G. App. C (2011). Defendant contends that under the amended guidelines, the marijuana equivalency of the crack involved is now lower, and therefore, his offense level and

guideline range of imprisonment have been lowered. (See Mot., DE # 102, at 2.) The government opposes the motions.[1]

The court concludes that defendant is not entitled to any relief. Defendant is correct that the guideline amendments have lowered the marijuana equivalency of the drugs for which he is accountable, with that amount now being 944.204 kilograms of marijuana.[2] That amount of marijuana corresponds to a base offense level of 30. U.S.S.G. § 2D1.1(c)(5) (2012). With the adjustments for possession of a dangerous weapon and acceptance of responsibility noted previously, defendant's total offense level under the amended guidelines is 29. That level with a criminal history category of IV results in an imprisonment range of 121 to 151 months. Although application of the recent guideline amendments produces this lower range, because the 10-year statutory maximum term of imprisonment is still lower than that range, the applicable "range" remains 120 months. See id. § 5G1.1(a). That "range" is exactly the sentence defendant received in 2009. Accordingly, defendant's sentence of imprisonment will not be reduced.

---

[1] In accordance with this district's practice, the Probation Office reviewed the motions for a sentence reduction and submitted to the court a proposed order recommending that the court deny the motion. The government responded to the Probation Office indicating that it agrees with the Probation Office's conclusion. The government did not file a written response to any of the instant motions.

[2] At resentencing, defendant was found accountable for 91.41 kilograms of marijuana, 4,014 grams of cocaine and 14 grams of crack. (Revised PSR ¶ 9.) Converting these amounts of crack and cocaine to marijuana under the current version of the guidelines results in 802,800 grams (802.8 kilograms) and 49,994 grams (49.994 kilograms), respectively. See U.S.S.G. § 2D1.1, App. N. 8(D) (2012). Adding these amounts to the 91.41 kilograms of marijuana totals 944.204 kilograms of marijuana.

3

Defendant's motions for a sentence reduction are DENIED, and his motions to stay and for appointment of counsel as DENIED as moot.

This 11 June 2013.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　W. Earl Britt
　　　　　　　　　　　　　　　　　　　　　　Senior U.S. District Judge